FILED
DEC 21 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:02CR335–HEH
)
DEDRIC DORNELL HARRIS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 41.) Petitioner argues that in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence under the United States Sentencing Guidelines ("USSG") is unconstitutional.[1] (*Id.* at 3.) The Government has responded. (ECF No. 50.) Petitioner has replied. (ECF No. 56.) For the reasons set forth below, the Court will deny Petitioner's § 2255 Motion as untimely.

### I. PROCEDURAL HISTORY

Petitioner was convicted of two counts of distribution of cocaine base. (J. 1, ECF No. 26.) Petitioner's status as a career offender had no bearing at his original sentencing. (PSR Wrksht. D. at 1.) Although Petitioner's Presentence Investigation Report designated him as a career offender, Petitioner's offense level was driven by the quantity of drugs he distributed, because that level was greater than his career offender offense level. (*Id.*) Petitioner had an Offense Level Total of 33 and was in Criminal

---

[1] In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

History Category VI, resulting in a guideline range of 235 to 293 months.[2] (*Id.*) On June 23, 2003, Court sentenced Petitioner to 285 months of imprisonment. (J. 2.) On July 25, 2003, the United States Court of Appeals for the Fourth Circuit dismissed his appeal. (ECF No. 33.)

After implementation of Amendment 782 to the USSG's drug sentencing guidelines, Petitioner's designation as a career offender became a controlling factor with respect to Petitioner's sentence. (ECF No. 38.) Petitioner's Offense Level Total based on the drug quantity dropped to 25, while his Career Offender Offense Level was 31, resulting in a guideline range of 188 to 235 months of imprisonment. (*Id.*)

On June 22, 2016, Petitioner, by counsel, filed his § 2255 Motion. (ECF No. 41.) In his § 2255 Motion, Petitioner asserts that he is entitled to relief upon the following claim:

> Claim One: "On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause. Under *Johnson*, the identical clause in the career offender guideline is also void for vagueness. Thus, Mr. Harris's prior second-degree assault and attempted robbery convictions no longer qualify as 'crimes of violence' and Mr. Harris is not a career offender." (§ 2255 Mot. 5.)

---

[2] At the time Petitioner was sentenced, the Sentencing Guidelines were deemed mandatory. *See United States v. Booker*, 543 U.S. 220, 233 (2005).

2

Petitioner further asserted: (1) USSG § 4B1.2(a)'s commentary listing robbery as a crime of violence should be disregarded in light of *Johnson* (§ 2255 Mot. 13–17), and (2) his prior New York convictions for second-degree assault and attempted first-degree robbery do not qualify as "crime[s] of violence" under USSG's § 4B1.2(a)'s force clause, (*id.* at 17–24).

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), Petitioner's judgment of conviction became final on Thursday, October 23, 2003, when the time to file a petition for a writ of certiorari

3

expired. Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). Because Petitioner failed to file his § 2255 Motion within one year of that date, it is barred by the statute of limitations unless he demonstrates entitlement to a belated commencement of the limitations period.

Petitioner argues that his § 2255 Motion is timely under § 2255(f)(3). (Reply 2–3, ECF No. 56.) In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005).

Petitioner argues that *Johnson* announced a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review, and that this right extends not just to ACCA sentences, but also to his sentence under the Sentencing Guidelines. Petitioner contends that he "need only rely on *Johnson* for his motion to be timely under § 2255(f)(3). There need not be a separate Supreme Court decision specifically applying *Johnson* to mandatory guidelines." (Reply 3.) Thus, in

4

essence, rather than rely on the rule of *Johnson*, Petitioner seeks the creation of a second new rule extending *Johnson* to the mandatory Sentencing Guidelines.

> Regrettably for Petitioner, the Supreme Court did not recognize such a right in *Johnson*. While *Johnson* did announce a retroactively applicable right, *Welch v. United States*, [136 S. Ct. 1257, 1265] (2016), *Johnson* dealt only with the residual clause of ACCA—a federal enhancement statute . . . . *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here . . . .

*United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017). "The 'right asserted' in *Johnson* is not the same right that [Petitioner] seeks to assert in this case. . . . *Johnson*'s holding was limited to the ACCA and it did not touch upon the residual clause found in the Sentencing Guidelines." *United States v. Marshall*, No. 3:02CR225–HEH, 2017 WL 5012587, at *4 (E.D. Va. Nov. 1, 2017) (citing *Brown*, 868 F.3d at 303; *Mitchell v. United States*, No. 3:00–CR–00014, 2017 WL 2275092, at *5 (W.D. Va. May 24, 2017)). Because *Johnson* does not apply to Petitioner's sentence under USSG § 4B1.2, he may not utilize *Johnson* to make his § 2255 Motion timely under § 2255(f)(3). *See Brown*, 868 F.3d at 302–303 (refusing to extend *Johnson* to invalidate a career offender sentence under the mandatory Sentencing Guidelines and finding such a challenge untimely). Accordingly, Petitioner's § 2225 Motion is untimely.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (ECF No. 41) will be denied as barred by the statute of limitations. The Government's Motion to Dismiss (ECF

No. 50) will be granted. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

                         /s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec. 21, 2017
Richmond, Virginia